

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CLAUDIA SMITH and
WILBERT WALKER, On
Behalf of Themselves and
All Others Similarly Situated          PLAINTIFFS

VERSUS                                 CIVIL ACTION NO. 1:98CV212BrR

TOWER LOAN OF
MISSISSIPPI, INC., ET AL               DEFENDANTS

## MOTION FOR DISBURSEMENT OF DISCRETIONARY FUNDS

COME NOW, LAWRENCE E. ABERNATHY, III, and ALFRED LEE FELDER, Class Counsel in the above styled and numbered cause, and moves the Court for the disbursement of the discretionary funds retained by the Court out of the Attorneys' Fees Fund, and in support of said Motion would show unto the Court the following:

1.

On March 31, 2003, this Court entered its Memorandum Opinion and Order in the above styled cause. In its Opinion, the Court discussed the benefit provided to the Class by this settlement, including the monetary relief and the injunctive relief. The Court further discussed the different methods of determining an appropriate attorneys' fee in a class action setting. In this case, the monetary obligation of the Defendant is approximately $7.5 million. The $900,000 set aside for the attorneys' fees fund constituted approximately 12% of the monetary obligation. On page 65 of its Memorandum Opinion and Order, the Court stated, "Clearly, a total attorneys' fee

award of $900,000 is reasonable in light of the efforts expended and results obtained by counsel."

2.

On March 31, 2003, this Court also entered its Final Judgment in the above styled cause. Paragraph 21 of the Final Judgment stated:

> The Court is retaining the discretion to award additional attorneys' fees, not exceeding $150,000 in the aggregate, (which, if awarded, shall likewise be paid on the Distribution Date from the Attorneys' Fee Fund) among some or all of the following: (I) Class Counsel, (ii) counsel in the *Bryant Jones* action (referenced in the Settlement Agreement), (iii) counsel for Class Members in one or more of the Other Related Actions (referenced in the Settlement Agreement), and (iv) counsel for other Class Members who have interposed objections to the Settlement. Determination by the Court of the amount if any and allocation of any such additional attorneys' fees shall be made after receipt of submissions from counsel identified above who may seek all or a part thereof; and any such submissions by counsel shall be made no later than 30 days after the entry of this Final Judgment. Such post-judgment determination of awards of potential additional attorneys' fees shall not affect the finality of this Final Judgment upon its entry.

3.

None of the attorneys listed in paragraph 21, other than Class Counsel, have requested any portion of the Attorneys' Fees Fund. Class Counsel timely made their submission for attorneys' fees, requesting that the entire Nine Hundred Thousand Dollars ($900,000.00) in attorneys' fees be paid to them. The time for making submissions for attorneys fees has long since passed. The work done by Class Counsel in this case was done on a contingent fee basis. There was no guarantee of Counsel receiving any money. The Court should consider that since the Court entered its Final Judgment awarding Nine Hundred Thousand Dollars ($900,000) in attorneys' fees, this case has been through another appeal to the Fifth Circuit and a request for

certiorari to the U. S. Supreme Court. The work done by Class Counsel merits the payment of all monies in the Attorneys' Fees Fund to Class Counsel.

4.

The Final Judgment provided that the attorneys' fees would be paid on the Distribution Date, which Class Counsel calculate to be March 8, 2005.

5.

Class Counsel respectfully requests that the Court enter an Order awarding the One Hundred Fifty Thousand Dollars ($150,000.00) remaining in the Attorneys' Fees Fund to Class Counsel.

WHEREFORE, LAWRENCE E. ABERNATHY, III, and ALFRED LEE FELDER, Class Counsel in the above styled cause, move the Court to enter an Order directing the distribution of the One Hundred Fifty Thousand Dollars ($150,000.00) retained as discretionary funds, to Class Counsel, and that the Claims Administrator be directed to distribute said funds on the Distribution Date.

Respectfully submitted,

CLAUDIA SMITH and WILBERT WALKER
On Behalf of Themselves and All Others
Similarly Situated

BY: _____
LAWRENCE E. ABERNATHY, III

## CERTIFICATE

I, LAWRENCE E. ABERNATHY, III, do hereby certify that I have this day mailed a true and correct copy of the above and foregoing to William F. Goodman, Jr., Esq., and Lawrence Gunn, Esq. at their usual and last known mailing addresses, by U. S. Mail, postage prepaid, on this the 21st day of February, A.D., 2005.

LAWRENCE E. ABERNATHY, III

LAWRENCE E. ABERNATHY, III
ATTORNEY AT LAW
P. O. BOX 4177
LAUREL, MISSISSIPPI 39441
TELEPHONE (601) 649-5000
MSB #1016

ALFRED LEE FELDER
FELDER LAW FIRM
P. O. BOX 1261
McCOMB, MISSISSIPPI 39649
TELEPHONE (601) 684-3362