IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CLAUDIA SMITH AND
WILBERT WALKER, on behalf of
themselves and all others similarly
situated                                                                                        PLAINTIFFS

VS.                                                            CIVIL ACTION NO. 1:98cv212DCBJMR

TOWER LOAN OF MISSISSIPPI, INC.,
 ET AL.                                                                                        DEFENDANTS

ORDER

This matter is before the Court upon Motion for Disbursement of Discretionary Funds filed by Class Counsel, Lawrence E. Abernathy, III, and Alfred Lee Felder, and upon Motion to Request Attorneys' Fees filed by John M. Sims on February 28, 2005, Motion for Attorney's Fees filed by Merrida Coxwell and Charles R. Mullins on March 4, 2005, and Motion for Attorney's Fees filed by G. Wayne Hynum on March 24, 2005, as well as upon responses to those motions filed by Class Counsel.

A hearing on these matters was noticed for 10:00 a.m., Wednesday, November 2, 2005, at the federal building in Jackson, Mississippi, and at which time there appeared Paul H. Stephenson, III, representing Tower Loan of Mississippi, Inc., Lawrence E. Abernathy, IIII, representing the class, and Charles R. Mullins, representing his clients/objectors. At said hearing oral presentations were made by Class Counsel and by Mr. Mullins. Being now fully advised the Court find as follows:

1. On March 31, 2003, this Court entered its Memorandum Opinion and Order together with a Final Judgment which states as follows, to wit:

The Court is retaining the discretion to award additional attorneys' fees, not

exceeding $150,000 in the aggregate, (which, if awarded, shall likewise be paid on the Distribution Date from the Attorneys' Fee Fund) among some or all of the following: (i) Class Counsel, (ii) counsel in the *Bryant Jones* action (referenced in the Settlement Agreement), (iii) counsel for Class Members in one or more of the Other Related Actions (referenced in the Settlement Agreement), and (iv) counsel for other Class Members who have interposed objections to the Settlement. Determination by the Court of the amount if any and allocation of any such additional attorneys' fees shall be made after receipt of submissions from counsel identified above who may seek all or a part thereof; and any such submissions by counsel shall be made no later than 30 days after the entry of this Final Judgment. Such post-judgment determination of awards of potential additional attorneys' fees shall not affect the finality of this Final Judgment upon its entry.

Class Counsel timely made their submission for attorney's fees, requesting the entire $900,000. The requests made by counsel for objectors, above set forth, were made out of time. Motion filed by John M. Sims was made on February 28, 2005, motion filed by Merrida Coxwell and Charles R. Mullins was made on March 4, 2005, and motion filed by G. Wayne Hynum was made on March 24, 2005.

The monetary obligation of the defendant in this class action is approximately $7.5 million. The $900,000 set aside for the attorney's fees fund constitutes approximately 12% of the monetary obligation. This Court has previously found and herein reaffirms its prior finding that the award of $900,000 is reasonable for the efforts expended and the results obtained by counsel for and on behalf of their clients. The sum of $750,000 has previously been disbursed to Class Counsel and the sum of $150,000 above noted was retained by the Court in a discretionary fund in order that counsel for objectors could make submissions for all or a portion of these fees within the time allotted by the Final Judgment. As said, and as above shown, the requests were untimely and they should be and are hereby denied. Even if these requests had been timely made, the Court finds that the benefit of the class has not been advanced by the activities of the objectors. Class Counsel effectively responded to two appeals to the Fifth Circuit Court of Appeals and to a Petition for Certiorari to the

United States Supreme Court filed by the objectors, all of which delayed the implementation of the class action settlement for a period of approximately five years.

WHEREFORE, the Court finds that Class Counsel, Lawrence E. Abernathy, III, and Alfred Lee Felder should be and they are hereby awarded the full discretionary fund of $150,000, and the Administrator is directed to distribute said amount to them, on or before the 30th day of December, 2005.

SO ORDERED this the 30th day of November, 2005.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE