# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

CLAUDIA SMITH and
WILBERT WALKER, On
Behalf of Themselves and
All Others Similarly Situated                                         **PLAINTIFFS**

**VERSUS**                                          **CIVIL ACTION NO. 1:98CV212BrR**

TOWER LOAN OF
MISSISSIPPI, INC., ET AL                                              **DEFENDANTS**

## CLASS COUNSEL'S RESPONSE/OPPOSITION TO DEFENDANTS' MOTION FOR REIMBURSEMENT OF ADMINISTRATIVE COSTS

COME NOW Class Counsel and file this Response/Opposition to the Defendants' Motion for Reimbursement of Administrative Costs filed by the Defendants, and in opposition to said Motion would show unto the Court the following:

1.

Defendants have requested that the Court reimburse them for administrative fees incurred as a result of the administration of the Class Action. The Court's Memorandum Opinion filed March 31, 2005, states on page 14:

> Administrative Costs: The Settlement Agreement imposes responsibility on Tower and American Federated for payment of the considerable costs and expenses associated with settlement implementation. Such costs include, but are not limited to, the costs of mailing settlement notices to every Class Member, publishing notice, mailing distribution checks to Class Members and Settlement Administrator fees. All of such costs are over and above the $7.5 million in monetary relief described above.

This provision does not allow for reimbursement of expenses from the Settlement Fund.

2.

A large portion of the fees for which Defendants request reimbursement were the direct result of errors by the Settlement Administrator and its agents. When the parties were attempting to negotiate a settlement of this case, the Defendants refused to discuss the use of any administrator other than Eubank & Betts. The choice of Eubank & Betts as the settlement administrator was posed to Plaintiffs as a "take it or leave it" deal. Plaintiffs were agreeable since Defendants were to pay all administrative costs in addition to the settlement amount, and it was specifically negotiated and agreed among the parties that funds designated for distribution to class members would not revert to the Defendants.

3.

There are approximately 102,000 individuals who are members of the Tower Loan Class. When Notice was mailed to the Class Members, duplicate mailings were mailed to 34,684 individuals and 36,370 Class Members were not mailed any notice. As a result of this mistake a supplemental notice had to be mailed to 36,370 Class Members, and the Court was required to conduct a second fairness hearing. If this mistake was in fact made by a third party, the third party should be required to correct its mistake, without cost to the Defendants. If this mistake was made by the Settlement Administrator or the Defendants, then the party who made the mistake should bear the burden of the costs associated with its correction.

4.

The Court should bear in mind that the large amount remaining in the Settlement Fund is the direct result of the Settlement Administrator failing to deliver the funds to the

Class Members. If not an actual conflict of interest, it certainly has the appearance of a conflict of interest for the Defendants to be reimbursed for the fees the defendants paid to the Settlement Administrator, chosen by the Defendants, who either did not or could not do his job. As stated previously, the reason the fees remain in the Settlement Fund is because the Defendant's choice for a Settlement Administrator failed to adequately perform his duties. The actual or apparent conflict would come from the fact that because the Settlement Administrator failed to adequately perform his duties, and charged additional fees in attempting to correct his errors, settlement funds were not paid, but then the unpaid settlement funds were subsequently used to reimburse the Defendant for additional administrative costs caused by the Settlement Administrator's errors.

5.

Defendants argue on page 6:

> Moreover, through no fault of Defendants, the notice and distribution processes have indeed proven to be costly endeavors to an extent not anticipated at the time of execution of the Settlement Agreement. Such total costs are over twice those estimated by Defendants.

Class Counsel can empathize with how the Defendants feel. Class Counsel did not expect two hard fought appeals to the Fifth Circuit Court of Appeals, nor a Petition for Certiorari to the United States Supreme Court, to which Class Counsel spent considerable time and expense responding. In addition, objectors and attorneys for objectors and potential opt outs fought Class Counsel not only in the two Appeals to the Fifth Circuit and the Petition for Certiorari to the United States Supreme Court, but every hearing by the Court was hotly contested by those parties and their Counsel. There were numerous experienced Class Action Attorneys doing everything that they could possibly think of to derail the agreement negotiated by Class Counsel. A fee of 20 % of the settlement would

have been reasonable in this case. Class Counsel must admit that it even crossed Class Counsel's mind as to whether Class Counsel should petition for additional fees out of the leftover Settlement Fund which exceeded $900,000.00. In the end, Class Counsel realized that Class Counsel had negotiated a settlement that Class Counsel should live by on Attorneys fees and expenses. In addition, Class Counsel believed it to be a vary bad precedent for Class Counsel to attempt to obtain additional Attorneys fees from a Settlement Fund that was not completely distributed. Class Counsel feels the same way about the Defendant and the Defendants' attempt to have administrative costs reimbursed from the undistributed portion of the Settlement Fund. The Defendant agreed to underwrite the entire costs of the Administrative Costs. In addition to there being the appearance of a conflict, if not an actual conflict, it is a bold attempt to change the settlement agreement.

Class Counsel takes issue with Defendants' assertion that the excessive fees incurred were incurred, "through no fault of [Defendants'] own". The additional costs were incurred as a direct result of the errors of the Settlement Administrator, and its agents upon whom the Defendants insisted.

WHEREFORE, CLASS COUNSEL SUBMITS that the Motion filed by the Defendants for reimbursement of Administrative Costs should be denied.

RESPECTFULLY SUBMITTED,

LAWRENCE E. ABERNATHY, III., ESQ.

s/Lawrence E. Abernathy, III.

Lawrence E. Abernathy, III., Esq.
Post Office Box 4177
Laurel, Mississippi 39441-4177
Phone: 601-649-5000
Fax :   601-649-0519
Mississippi Bar # 10169

Alfred Lee Felder
Post Office Box 1261
McComb, MS 39649-1261
Phone: 601-684-3362
Fax:    601-684-3508
Mississippi Bar # 5169

<u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that he has this day electronically filed the foregoing Class Counsel's Response/Opposition to Defendants' Motion for Reimbursement of Administrative Costs with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Ralph E. Chapman clslaw@chapman-lewis-swan.com, ralph@chapman-lewis-swan.com

Subrina L. Cooper slcooper@xspedius.net, subrinacooper@hotmail.com

John H. Daniels , III jhdiii@cox-internet.com, bchewning@cox-internet.com

William F. Goodman , III wgoodman@watkinseager.com, bcarwyle@watkinseager.com

William F. Goodman , Jr goodmanjr@watkinseager.com, kchapman@watkinseager.com

Lawrence C. Gunn , Jr larry@gunnandhicks.com,

Dennis Harmon dharmon8@eskimo.com,

Gerald Wayne Hynum Hynumlaw@megagate.com,

Charles Richard Mullins chuckm@coxwelllaw.com,

Robert B. Ogletree robogletree@yahoo.com,

David M. Read DMREAD@BELLSOUTH.NET, MSMRB@HOTMAIL.COM

Anthony Sakalarios asakalarios@morris-sakalarios.com,

Paul H. Stephenson , III pstephenson@watkinseager.com, kchapman@watkinseager.com

**Notice will be delivered by other means to:**

Harold J. Barkley , Jr
HAROLD J. BARKLEY, JR., ATTORNEY
P.O. Box 55849
Jackson, MS 39296-5849

Amanda Frost(PHV)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street, N.W.
Washington, DC 20009

L. Andrew Hollis(PHV) , Jr
HOLLIS & WRIGHT, PC
Financial Center
505 North 20th St., Suite 1750
Birmingham, AL 35203

Peter T. Martin
Attorney
P.O. Box 663
Aberdeen, MS 39730

Larry O. Norris
LARRY O. NORRIS, ATTORNEY
P. O. Box 8
Hattiesburg, MS 39403-0008

Michael T. Parker
SESSUMS, DALLAS & MORRISON
1650 Mirror Lake Plaza
2829 Lakeland Drive
Jackson, MS 39232
Patrick H. Scanlon
WATKINS & EAGER
P. O. Box 650
Jackson, MS 3! 9205-0650

John Michael Sims
THE SIMS LAW FIRM
500 Central Avenue, Suite 300
Laurel, MS 39440

Richard D. Stratton(PHV)
SMITH & ALSPAUGH, PC
1100 Financial Center
505 20th Street North
Birmingham, AL 35203

Andrew M. W. Westerfield
WESTERFIELD & JANOUSH
P. O. Box 1448
Cleveland, MS 38732

Brian Wolfman
Public Citizen Litigation Group
1600 - 20th Street, N.W.
Washington, DC 20009-1001

Brian Wolfman(PHV)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street, N.W.
Washington, DC 20009

Joshua J. Wright(PHV)
HOLLIS & WRIGHT, PC
Financial Center
505 North 20th St., Suite 1750
Birmingham, AL 35203

Gregory Martin Zarzaur
TAYLOR & TA! YLOR
2130 Highland Avenue
Birmingham, AL 35205

    This the 1st day of December, 2005.

                      s/Lawrence E. Abernathy, III.