# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**CLAUDIA SMITH AND**
**WILBERT WALKER**, on behalf of
themselves and all others similarly situated                    PLAINTIFFS

VS.                                          CIVIL ACTION NO. 1:98cv212BrR

**TOWER LOAN OF MISSISSIPPI, INC., ET AL.**                     DEFENDANTS

---

### DEFENDANTS' REBUTTAL IN SUPPORT OF
### MOTION FOR REIMBURSEMENT OF ADMINISTRATIVE COSTS

---

In rebuttal of Class Counsel's opposition to Defendants' Motion for Reimbursement of Administrative Costs, Defendants state:

1. Defendants recognized in their motion (¶ 9) that the Settlement Agreement did not provide for reimbursement of administrative costs incurred by Defendants. Thus, Defendants have respectfully requested the Court to exercise its discretion to direct reimbursement of all or at least some of such costs in light of unforeseen circumstances as they exist today. Such a request by Defendants in no way warrants the punitive tone and unfounded allegations of Class Counsel's opposition to the request.

2. Counsel for Defendants have no recollection of having put forward the

name of Eubank & Betts as the Settlement Administrator on some "take it or leave it" basis as a component of the agreement to settle. (Opposition ¶ 2) Rather, counsel for Defendants recall suggesting Eubank & Betts as Settlement Administrator based on counsel's prior experiences with them. Class Counsel agreed. The Settlement Agreement provided that "a third-party contractor agreed to by the Defendants and Class Counsel, or approved by the Court, shall be designated as Settlement Administrator." (Settlement Agreement ¶ IV.F.1.)

3. The costs for which Defendants seek reimbursement do not include all the costs associated with errors in the original mailing of the Notices of Settlement. Class Counsel (Opposition ¶ 3) ignored Defendants' disclosures that the Settlement Administrator waived fees related to the initial mailing and that the mailing facility bore the majority of costs associated with the mailing of supplemental Notices of Settlement. (Motion ¶s 4, 5) In assailing the mailing costs, Class Counsel further disregard costs associated with the Court's exercise of its discretion to require republication of notice even though there were no defects in the original publication and to require an additional address search and mailing of Notices of Settlement returned as "undeliverable" even though not required by the Settlement Agreement. (Motion ¶ 2)

4. Class Counsel's accusation that the large balance remaining in the Settlement Fund is the result of the Settlement Administrator's failure "to do his job" is baseless. The Settlement Agreement established the distribution procedure. It

2

required the Administrator to mail the checks to Class Members, postage by first class United States mail, using the last known address obtainable from Defendants' records. For mailings of distributions returned "undeliverable," the Administrator was to use a social security number tracking service to attempt to obtain a more current address. The Administrator followed this procedure. Moreover, consistent with the Settlement Agreement, the Administrator directed the crediting of $232,002.53 to Class Member accounts for "undeliverable" checks. (Report of Settlement Administrator ¶s 4, 8)

5. Class Counsel improperly confuse their consideration of seeking additional attorneys' fees with Defendants' request for reimbursement of costs. Compensation of Class Counsel with undistributed funds deposited by Defendants and reimbursement of Defendants for costs with a portion of such funds at absolutely no prejudice to Class Members are two distinct issues.

WHEREFORE, and as further set forth in Defendants' motion, Defendants respectfully request the Court to enter an order directing the Settlement Administrator to reimburse First Tower Corp. for administrative costs.

Respectfully submitted,

s/ Paul H. Stephenson, III
William F. Goodman, Jr. (MSB #4897)
Paul H. Stephenson, III (MSB #7864)
WATKINS & EAGER PLLC
Post Office Box 650
Jackson, Mississippi 39205
Telephone: (601) 948-6470

> Counsel for Defendants Tower Loan of Mississippi, Inc. and First Tower Loan, Inc.

Lawrence C. Gunn, Jr. (MSB #5075)
L. Clark Hicks, Jr. (MSB #8963)
GUNN & HICKS PLLC
Post Office Box 1588
Hattiesburg, Mississippi 39403-1588
Telephone: (601) 544-6770

> Counsel for Defendants American Federated Insurance Company and American Federated Life Insurance Company

## CERTIFICATE OF SERVICE

The undersigned counsel for Tower Loan of Mississippi, Inc. and First Tower Loan, Inc. certifies that he has this day electronically filed the foregoing Defendants' Rebuttal in Support of Motion for Reimbursement of Administrative Costs with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

> Lawrence E. Abernathy, III
> Post Office Box 4177
> Laurel, Mississippi 39441-4177
>
> Alfred Lee Felder
> Post Office Box 1261
> McComb, Mississippi 39649-1261

This 8th day of December, 2005.

s/ Paul H. Stephenson, III