**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

CLAUDIA SMITH AND
WILBERT WALKER, on behalf of
themselves and all others similarly situated					PLAINTIFFS

VS.											CIVIL ACTION NO. 1:98cv212BrR

TOWER LOAN OF MISSISSIPPI, INC., ET AL.				DEFENDANTS

---

**ORDER DIRECTING DISBURSEMENT OF SETTLEMENT FUNDS**

---

Before the Court is the question of disbursement of funds remaining in the Settlement Fund after distributions to Class Members and payment of attorneys' fees. The Court having heard from the parties and otherwise being advised in the premises finds as follows:

1.	Administration of the Settlement Agreement commenced in March 2005. As of May 31, 2006, the balance in the Settlement Fund was $925,794.46. There has been little activity regarding the Settlement Fund since that time. Consequently, the balance as of August 31, 2006, has increased to $931,897.01.

2.	Administration of the Settlement Agreement appears virtually complete. The present balance in the Settlement Fund is attributable to the return of Class

Members' distribution checks and the absence of unpaid accounts for such Class Members to which the proceeds can be credited. Paragraph IVD3 of the Settlement Agreement provides that undistributed proceeds are to be paid to charities. The Settlement Agreement permits the applicable charities to be those to which the parties mutually agree and contemplates involvement of the Court as needed.

  3. On November 29, 2005, Defendants moved the Court to direct the Settlement Administrator to reimburse First Tower Corp., the parent corporation of Defendants, for administrative costs paid to third parties related to issuance of notice of settlement and distribution of settlement funds. Defendants acknowledged that the Settlement Agreement did not provide for reimbursement of administrative costs but asserted that the Court could exercise its discretion to permit reimbursement. Defendants submitted that given the substantial burdens associated with settlement administration and the presence of the unanticipated considerable unexpended monetary sum, reimbursement was warranted.

  4. On February 2, 2006, the Court conducted a status conference to address ongoing settlement administration and Defendants' request for reimbursement of administrative costs. After hearing from the parties, the Court determined and orally announced that reimbursement of a portion of administrative costs in the amount of $150,000 was warranted. The Court took under submission the division of residual funds for charity.

5. Substantial disbursements from the Settlement Fund at this time are appropriate. Retention of a balance of approximately $160,000 in an escrow account for charitable donees to be selected in the future is also proper.

Accordingly, the parties having so agreed and the Court so finding, it is ORDERED that the Settlement Administrator is directed to make the following disbursements within 15 days of the entry of this order:

Charitable Donations

1. Domestic Abuse Family Shelter, Inc. – $100,000;

2. McComb Interdenominational Christian Association – $50,000;

3. Helping Americans Needing Disaster Support (HANDS) – $50,000;

4. Stewpot Community Services, Inc. – $50,000;

5. The Mississippi Hurricane Recovery Fund, Inc. – $200,000;

6. The American Financial Services Association's Education Foundation – $50,000;

7. Feed My Sheep – $15,000;

8. Biloxi-Ocean Springs Junior Auxiliary – $15,000;

9. Gulfport Junior Auxiliary – $15,000;

10. Pascagoula-Moss Point Junior Auxiliary – $15,000;

11. Reformed University Ministries – $10,000;

12. The Nature Conservancy – $35,000; and

13. The Natchez Literary Celebration – $15,000.

Reimbursement of Administrative Costs

First Tower Corp. – $150,000.

ORDERED FURTHER that disbursement of monies remaining in the Settlement Fund after the disbursements identified above shall await further order of the Court.

SO ORDERED, this  22nd  day of September, 2006.

                           s/ David Bramlette
                           **UNITED STATES DISTRICT JUDGE**

**Agreed:**

**s/ Alfred L. Felder**
**Alfred L. Felder, MSB # 5169**

**s/ Lawrence E. Abernathy, III**
**Lawrence E. Abernathy, III, MSB # 10169**
**Class Counsel**

**s/ Paul H. Stephenson, III**
**Paul H. Stephenson, III, MSB # 7864**
**Counsel for Defendants**